IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JERRY MILLER, *et al.*,          )
                                 )
    Plaintiffs,               )
                                 )
vs.                              )          CIVIL ACTION 09-00401-CG-B
                                 )
EAGLE TUG BOAT COMPANIES,        )
                                 )
    Defendant.                )

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Eagle Tug Boat Companies' Motion to Dismiss and Supporting Memorandum. (Docs. 8, 9). Defendant's Motion and supporting Brief have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).  Based upon a careful review of Defendant's Motion and Memorandum, and the pleadings on file, the undersigned RECOMMENDS that Defendant's Motion be denied.

### I.   Background

Plaintiffs Jerry Miller and Stanley W. Miller, proceeding *pro se*, filed the instant action on July 1, 2009, against the Eagle Tug Boat Companies. (Doc. 1).   In their Complaint, Plaintiffs allege that they were employed by Eagle Tug Boat Companies in 2008 and that they were discriminated against on account of their race, Black. Specifically, Plaintiff Jerry Miller asserts that Defendant hired a white individual as captain and paid said individual $50 per day more than Plaintiff was paid on account of his race.  Plaintiff Jerry Miller further alleges that a deck hand used racist words towards him, and that Defendant terminated him for running aground

a two boat on the Alabama River when they knew that the boat's problems resulted from the crew's refusal to follow orders. (Doc. 1, p. 2). Plaintiff Stanley Miller alleges that an agent of Defendant refused to provide him with the necessary documentation so that he could apply for his pilot's license, but provided a letter for a white male who did not have sufficient time on the boat to qualify fo his pilot's license. Plaintiff Stanley Miller alleges that he and the white male were treated differently on account of their race.

In Count One of the Complaint, Plaintiff Jerry Miller alleges that Defendant violated Title VII of the Civil Rights Act of 1964 U.S.C. § 2000e by treating him in a discriminatory manner and subjecting him to adverse acts in which race was a motivating factor. (Doc. 1, p. 4-5) In Count Two of the Complaint, Plaintiff Stanley Miller alleges that Defendant violated Title VII of the Civil Rights Act of 1964 U.S.C. § 2000e by treating him in a discriminatory manner and subjecting him to adverse acts in which race was a motivating factor. (Doc. 1, p. 5). In Count Three of the Complaint, Plaintiff Jerry Miller alleges that Defendant violated 42 U.S.C. § 1981 by treating him in a discriminatory manner and subjecting him to adverse acts in which race was a motivating factor. In Count Four of the Complaint, Plaintiff Stanley Miller alleges that Defendant violated 42 U.S.C. § 1981 by treating him in a discriminatory manner and subjecting him to adverse acts in which race was a motivating factor. Plaintiffs seek injunctive relief, as well as damages. (Doc. 1, ps.5-6)

As noted supra, Defendant seeks the dismissal of Plaintiffs' Complaint. (Docs. 8, 9)  Defendant argues that Plaintiffs have

failed to sue their employer.  According to Defendant, Eagle Tug Boat Companies is not a legal entity, and Plaintiffs were never employed or paid by Eagle Tug Boat Companies.  Defendant asserts that Stanley Miller was employed by Chiasson Tugs, LLC and Jerry Miller was primarily employed by Chiasson Tugs, LLC although Jerry Miller was, on two occasions, paid by Eagle Tugs, LLC. Defendant further allege that neither Eagle Tugs, LLC nor Chiasson Tugs, LLC employed at least 15 employees for each working day in each of 20 or more calendar weeks in 2007 or 2008; thus, Defendant is not an employer for purposes of Title VII, and as a result, this Court lacks jurisdiction. (Doc. 9, ps. 3-4).  Additionally, Defendant asserts that Plaintiffs have failed to sue a defendant from whom they received compensation, and that  Plaintiffs have not received a Notice of Right to Sue with respect to their correct employer. Finally, Defendant asserts that Plaintiffs have failed to allege facts sufficient to state a civil rights claim. (Doc. 9, ps. 4-8).

In response to the Court's Order directing Plaintiffs to file a response to Defendant's motion, Plaintiffs filed the following statement: "We the Plaintiffs Jerry Miller and Stanley W. Miller based on the evidence believe the defendant is in violation of the Civil Rights Act of 1964 and 42 U.S.C. § 1991.  We the Plaintiffs motion the Court to Continue with the proceed of this suit." (Doc. 14).

**II.    Discussion**

**A. Legal Standard**

In considering a Rule 12(b)(6) motion to dismiss, the court accepts the non-moving party's allegations as true; however, the

court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, U.S. ,129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw Plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "'unwarranted deductions of fact'" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167

L. Ed. 2d 929 (2007).

The Court recognizes Plaintiffs' *pro se* status and the fact that the allegations of a *pro se* complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers...." Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595, 30 L. Ed. 2d 652 (1972). However, Plaintiffs' *pro se* status does not excuse them from compliance with applicable procedural rules, including the Rule 8 pleading requirement. See Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Additionally, the leniency afforded *pro se* litigants does not give the courts a license to serve as de facto counsel for such litigants. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F. 3d 1359, 1369 (11th Cir. 1998).

**B. Defendant's Contentions**

As a preliminary matter, the undersigned observes that Defendant does not indicate whether its motion is being brought pursuant to Rule 12(b)(1) or Rule 12(b)(6) of the Federal Rules of Civil Procedure. If a motion is brought under Rule 12(b)(1), the Court must determine if it possesses subject matter jurisdiction and may look beyond the pleadings to make this determination. Under

Rule 12(b)(6) however, the Court must determine if the complaint states a claim upon which relief may be granted, and is limited to the pleadings and exhibits attached thereto. <u>Grossman v. Nations Bank, N.S.</u>, 225 F.3d 1228, 1231 (11th Cir. 2000).  If the parties present evidence outside of the pleadings, and the court considers such evidence, then the motion must be converted into a motion fo summary judgment and the parties must be given appropriate notice of the conversion.  <u>Lewis v. Asplundh Tree Experts</u>, 305 Fed. Appx. 623, 2008 U.S. App. Lexis 26959 (11th Cir. 2008).

In its Motion, Defendant asserts that this Court lacks subject matter jurisdiction because Plaintiffs failed to sue their correct employer and because Plaintiffs' correct employer did not employ the requisite number of employees.  However, the failure to name a party in an EEOC charge in a Title VII action does not raise a jurisdictional bar. <u>Lewis v. Asplundh Tree Experts</u>, 305 Fed. Appx. 623, 2008 U.S. App. Lexis 26959 (11th Cir. 2008)(citing <u>Jackson v. Seaboard C.L.R. Co.</u>, 678 F.2d 992, 1010 (11th Cir. 1982)). Likewise, Title VII's "employee-numerosity requirement" is an element of a plaintiff's claim for relief, rather than a jurisdictional issue. <u>Fender v. Clinch County</u>, 295 Fed. Appx. 957, 2008 U.S. App. Lexis 21542 (11th Cir. 2008).  Accordingly, Defendant's Motion is to be decided under Rule 12(b)(6) rather then 12(b)(1).

In considering Defendant's motion under Rule 12(b)(6), this Court is limited to Plaintiffs' Complaint, and those documents

attached to the Complaint.  In this action, Plaintiffs attached to their Complaint a copy of their respective EEOC Notice of Right to Sue. (Doc. 1).  In Defendant's Motion, Defendant referenced the affidavit of Garrell Chiasson; however, no such affidavit was filed with the Court.  In any event, the undersigned could not have considered the affidavit without converting Defendant's motion into one for summary judgment.

Title VII generally requires that an individual filing a charge with EEOC name all of the entities against whom the charge is brought.  42 U.S.C. § 2000e-5(f)(1)(2003).  See also Virgo v. Riviera Beach Assocs., 30 F.3d 1350, 1358 (11th Cir. 1994).  The "naming requirement serves to notify the charged party of the allegations and allows the party an opportunity to participate in conciliation and voluntarily comply with the requirements of Title VII." Id.  The Eleventh Circuit liberally construes the naming requirement and allows suits to proceed against the unnamed entities where it is determined that the purpose of the Act have been fulfilled.  Id. at 1358-59 (indicating that the factors to be considered are the similarity of interest between the named party and the unnamed party, whether the party could have ascertained the identity of the unnamed party at the time the EEOC charge was filed; whether the unnamed party had an opportunity to participate in the reconciliation process and whether the unnamed party was prejudiced by exclusion from EEOC proceedings).

As noted supra, Defendant alleges that Plaintiffs failed to sue

their proper employer and that Plaintiffs failed to name their proper employer in their EEOC charges.  According to Defendant, Eagle Tug Boat Companies is not a legal entity, and Plaintiffs were actually employed by Chiasson Tugs, LLC.  Plaintiffs, on the other hand, allege that they were employed by Eagle Tug Boat Companies, that they filed charges of race discrimination with EEOC, that EEOC issued to them Determinations and Notices of Right to Sue.  Attached to Plaintiffs' Complaint is a copy of their respective EEOC Notice of Right to Sue, which lists Eagle Tug Boat Companies as the named Respondent.  At this early stage of the proceedings, where Plaintiffs are alleging that they were employed by Eagle Tug Boat Companies, and Defendant is contending that they were instead employed by Chiasson Tugs, LLC, the undersigned must accept as true the factual allegations contained in Plaintiffs' Complaint in resolving Defendant's Motion.  Therefore, taking Plaintiffs' factual allegations as true, the undersigned must reject  Defendant's contention that Plaintiffs have sued the wrong employer, and that Plaintiffs failed to file an EEOC charge against their proper employer.

Likewise, Defendant's contention that Plaintiffs' employer did not possess the requisite number of employees for the basis of Title VII liability must fail at this juncture.  Title VII limits the definition of an "employer" to entities that have "fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e

(b).  In their Complaint, Plaintiffs allege that during all times relevant to their action, Defendant employed at least fifteen or more employees.  Discovery may or may not bear out Plaintiffs' assertion; however, as noted supra, in ruling on Defendant's Motion to Dismiss, the Court must accept as true the factual allegations contained in Plaintiffs' Complaint.  Accordingly, resolving the factual disputes in favor of Plaintiffs, the undersigned finds that Defendant's contention that Plaintiffs' employer did not possess the requisite number of employees is due to be rejected based on the record before the Court.

Finally, Defendant's contention that Plaintiffs have failed to sufficiently allege a civil rights violation is also rejected. Title VII provides that "[i]t shall be an unlawful practice for an employer . . . to discriminate, against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C.A. § 2000e-2(a) (2005).  In this action, Plaintiff Jerry Miller alleges that he possesses a U.S. Merchant Marine Officer's license, that Coast Guard rules require such a license for anyone employed in a captain's position, and that notwithstanding his license, Defendant hired a white individual who lacked the requisite license, in the captain's position while hiring Plaintiff in a pilot's position and compensating him $50 per week less than the white individual on account of his race.  Plaintiff Jerry Miller claims that Defendant denied him documentation needed to get his pilot's license whereas a white individual who did not

have the requisite hours, was provided with the documentation on account of his race. These factual allegations, when taken as true, are sufficient to "state a claim to relief that is plausible on its face." Iqbal, 129 S. Ct. at 1949.

**III. Conclusion**

For the reasons set forth herein, the undersigned recommends that Defendant's Motion to Dismiss be denied.

The attached sheet contains important information regarding objections to this Report and Recommendation.

**DONE** this **19th** day of **November, 2009.**

                    /s/SONJA F. BIVINS
                **UNITED STATES MAGISTRATE JUDGE**