# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JERRY MILLER, et. al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| vs. | )    **CIVIL ACTION NO. 09-00401-CG-B** |
| | ) |
| EAGLE TUG BOAT COMPANIES, | ) |
| | ) |
|     Defendant, | ) |
| | ) |

## ORDER

On July 1, 2009, Jerry Miller and Stanley W. Miller, proceeding pro se, brought a lawsuit against Eagle Tug Boat Companies alleging that the defendant violated Title VII of the Civil Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981 "by treating [each plaintiff] in a discriminatory manner and subjecting him to adverse acts in which race was a motivating factor." (Doc. 1). This matter is now before the court on (1) Eagle Tug Boat Companies' motion for summary judgment as to Jerry Miller's claims (Doc. 32) and Jerry Miller's response (Doc. 37); and Eagle Tug Boat Companies' motion for summary judgment as to Stanley Miller's claims (Doc. 39), Stanley Miller's response (Doc. 47), Eagle Tug Boat Companies' reply (Doc. 53), and the plaintiffs' reply (Doc. 56). For the reasons stated below, the defendant's motions for summary judgment are GRANTED.

## FACTS

The plaintiff, Jerry Miller ("Jerry"), a black male, asserts that the defendant hired him as a ship pilot in 2008 which paid him $500 per day. Jerry further asserts that he is "licensed under

1

the United States Coast Guard as a U.S. Merchant Marine Officer" and that "[d]espite his license, …a White male, who lacked the sufficient Master's license was hired as the captain" which paid that individual $550 per day. Jerry maintains that the white male "had only an apprentice steerman's license" and that Jerry was hired "so that the boat would have a crew member with a Master's license" which is allegedly required under Coast Guard rules. The plaintiff further alleges that "[a] deck hand by the name of Greg used racist words… and refused to take orders from [him]" and that "Greg would stay in constant contact with 'T-Geral,' the son of the Defendant's owner." (Doc. 1, p. 2). Jerry was ultimately terminated by the defendant, and the alleged reason for this termination was "that he had run aground a tow boat on the Alabama River." Jerry disputes this reason and argues that "[i]n fact, defendant knew or should of known that the boat's problems were due to the refusal of the crew to follow orders and not otherwise caused by Jerry L. Miller." (Id., pp. 2-3).

The plaintiff Stanley W. Miller ("Stanley"), a black male, asserts that the defendant hired him on May 30, 2008, for an unknown position. He further asserts that he "held an apprentice license and was paid $500 per day." He maintains that "[i]n August, 2008, he requested a document from Michael McKinley, an agent of the defendant, that would certify the number of hours that Stanley Miller had worked on the boat", that "[t]his document was necessary in order for Stanley Miller to qualify to get his pilot's license", and that "McKinley refused to provide this documentation and as a result, Stanley Miller was unable to qualify for his pilot license." Stanley argues that "[o]n the other hand, Miller [sic] provided Billy Bradley, a white male, the same letter even though Billy Bradley had not operated a sufficient amount of time on the boat to quality for it" and that "McKinley specifically told Bradley not to tell the [sic] 'them niggers' that he had provided Bradley the letter." In sum, Stanley maintains that "McKinley treated

Bradley and Stanley Miller differently based upon their races" and that "McKinley did not want either Jerry Miller or Stanley Miller to be captain on the boats because they were Black." (Id., pp. 3-4).

Garrell Chiasson is the owner and president of Eagle Tugs, LLC ("Eagle Tugs"), Chiasson Tugs, LLC ("Chiasson"), and Eagle Inland Towing, LLC ("Eagle Inland"). He testified that Jerry was hired on June 13, 2003, as a ship pilot by Chiasson and not "Eagle Tug Boat Companies", a company which does not exist. He also testified that Jerry was paid by Chiasson at all times he worked for that company except on two occasions when for two weeks he was paid by and worked for Eagle Tugs. (Doc. 32-1, ¶ 2). Furthermore, Mr. Chiasson testified that "Stanley Miller was hired on May 30, 2008" and that "[a]t all times, Stanley Miller worked for Chiasson Tugs, LLC and was paid by that company." (Id., ¶ 3). During this time, "[n]either Eagle Tugs, LLC nor Chiasson Tugs, LLC employed 15 or more employees for each working day in each of 20 or more calendar weeks in the year of their employment or the preceding calendar year" and that "[n]either of those companies employed 15 or more employees for each working day in each of 20 or more calendar weeks after Jerry Miller… [was] terminated [from] their employment." (Id., ¶ 4).

## LEGAL ANALYSIS

### I. Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." Miranda v. B&B Cash Grocery Store, Inc., 975 F.2d 1518, 1534 (11th Cir. 1992) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(c), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Company, 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)). Otherwise stated, the non-movant must "demonstrate that there is indeed a material

4

issue of fact that precludes summary judgment." See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991). The non-moving party "may not rely merely on allegations or denials in [the non-moving party's] pleading; rather, its response .... must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e). "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (internal quotation and citation omitted).

## II. Title VII

In Count One and Count Two of the complaint, Jerry Miller and Stanley Miller respectively allege that the defendant violated Title VII by treating each in a discriminatory manner and subjecting each to adverse acts in which race was a motivating factor. (Doc. 1, ¶ 20). The defendant asks for summary judgment as to both of the counts above because the undisputed evidence shows that Chiasson and Eagle Tugs do not meet the definition of "employer" under Title VII, thus the defendant is exempt from suit. (Doc. 33, pp. 6-7; Doc. 40, pp. 6-8). Under Title VII, it is unlawful "for an <u>employer</u> to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race…" 42 U.S.C. § 2000e-2(a)(1)(emphasis added). Title VII further provides that the "term

5

'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person…" Id., § 2000e(b). "Employers with less than fifteen employees on each working day during a relevant twenty-week period are not subject to Title VII." McGinnis v. Ingram Equipment Co., 918 F.2d 1491, 1493 (11th Cir. 1990)

The defendant attached to its motion for summary judgment an affidavit of Garrell Chiasson. (Doc. 32-1, ¶ 2). As stated above, Mr. Chiasson testified that during the time Jerry and Stanley were employed by either Chiasson or Eagle Tugs, "[n]either Eagle Tugs, LLC nor Chiasson Tugs, LLC employed 15 or more employees for each working day in each of 20 or more calendar weeks in the year of their employment or the preceding calendar year" and that "[n]either of those companies employed 15 or more employees for each working day in each of 20 or more calendar weeks after Jerry Miller… [was] terminated [from] their employment." (Id., ¶ 4).

Since the defendant's motion for summary judgment is properly made and supported, the plaintiff's response "must - by affidavits or as otherwise provided in this rule-set out specific facts showing a genuine issue for trial." Fed.R.Civ.P. 56(e)(2). In his response, Jerry provided a fax transmission report from the Equal Employment Opportunity Commission ("EEOC") from February 27, 2009, which allegedly shows "[t]he entity name[] is correct, and the civil action against Eagle Tug, LLC is filed correctly and Eagle Tug, LLC violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. 1981." (Doc. 37, p. 1). Stanley, in his response, argues that "the court [h]as identified the defendant Eagle Tug Boat Companies as a party in this civil action case" and also provided a copy of a "Notice of Charge of Discrimination" sent to "Eagle Tug

Boat Companies." In light of these two assertions, Stanley argues that "[t]he parties in this case has been established." (Doc. 47, p. 1).

This court does not find Jerry or Stanley's arguments persuasive. First, this court has not made any previous determination as to whether "Eagle Tug Boat Companies" was the proper defendant.[1] Second, in assessing the merits of a plaintiff's claims under Title VII, a court is not required to defer to the EEOC's determination of the merits of the claim. Moore v. Devine, 767 F.2d 1541, 1548-1551 (11th Cir. 1985) modified on reh'g, 780 F.2d 1559, 1560 (11th Cir. 1986); see also Price v. Federal Exp. Corp., 283 F.3d 715, 719 & 725 (5th Cir. 2002). Instead, the court must conduct a de novo review of the claims. Moore, 767 F.2d at 1550-1551. "[W]hile EEOC findings in general may be significant evidence, their probative force in individual cases varies considerably and is left to the determination of the trial court." Id. (quotation omitted). In the present case, the transmission report, the right-to-sue letter, and the EEOC notice do not set forth any determinations as to whether the defendant did or did not have the requisite number of employees to qualify as an "employer" under Title VII. This evidence is merely colorable and not significantly probative. As a result, summary judgment is due to be granted as to Count One and Count Two.[2]

---

[1] In this court's previous order adopting the magistrate judge's report and recommendation denying Eagle Tug Boat Companies' motion to dismiss, this court did not have the ability to consider Mr. Chiasson's affidavit in determining the defendant's employer status. (See Doc. 16, p. 7). In the motion for summary judgment context, however, this court is allowed to look to Mr. Chiasson's affidavit, a document which has not been disputed by the plaintiffs.

[2] The only other fact that disputes the defendant's affidavit testimony is found in the plaintiff's complaint which provides that "Eagle Tug Boat Companies is an employer within the meaning of 42 U.S.C. § 2000e(a)(B) and at all times relevant to this action employed at least fifteen or more employees." (Doc. 1, ¶ 3). The Federal Rules of Civil Procedure, however, state that in disputing a party's motion for summary judgment that is both properly made and supported, the plaintiff "may not rely merely on allegations or denials in its own pleading." Fed.R.Civ.P. 56(e)(2). Although pro se litigants are held to less stringent standards than those
(Continued)

### III.  Section 1981

In Count Three and Count Four of the complaint respectively, Jerry Miller and Stanley Miller allege that the defendant violated 42 U.S.C. § 1981 by treating each of them in a discriminatory manner and subjecting each of them to adverse acts in which race was a motivating factor.  (Doc. 1, ¶ 24).  The defendant asserts that its motion for summary judgment should be granted because "there is no proof that the true employer committed any of the acts since the employer is not even a named defendant in this action."  (Doc. 33, p. 11; Doc. 40, p. 11).  This court agrees.  The undisputed evidence shows that Jerry and Stanley were hired by a company named Chiasson Tugs, LLC and at all times relevant, worked for Chiasson Tugs, LLC with the exception of two weeks when Jerry was paid by and worked for a company named Eagle Tugs, LLC.  (See Doc. 32-1).  The named defendant in this action "Eagle Tug Boats Companies" is "not a legal entity" and indisputably did not employ Jerry or Stanley.[3]  (Id., ¶ 5).  Therefore, summary judgment as to Counts Three and Four is due to be granted.

---

represented by counsel, this status does not exempt them from the requirements of the Local Rules and the Federal Rules of Civil Procedure.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)("Once a pro se… litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

[3] In its reply, the plaintiffs provide a letter with the letterhead "Eagle Boat Companies" that has the same address as the address on the "Eagle Tugs, LLC" website.  (See Doc. 56, p. 3-4).  The plaintiffs argue that this "evidence proves that Eagle Tugs, LLC and Eagle Boat Companies according to the address… are the same and they were employer of Stanley W. Miller and Jerry Miller."  (Id., p. 1).  This court does not find these document persuasive.  There is sworn testimony that Jerry Miller and Stanley Miller were hired by and worked for Chiasson Tugs, LLC and not by "Eagle Tug Boat Companies" or by Eagle Tugs, LLC.  Therefore, the fact that "Eagle Tugs Companies" and Eagle Tugs, LLC share the same address does not establish that Chiasson Tugs, LLC, the plaintiffs' true employer, shared that same address as well.  As to the two weeks that Jerry Miller worked for Eagle Tugs, LLC, this court will not consider this evidence since the reply brief and evidence was untimely filed and because Jerry Miller did not seek leave of this court.  (See Doc. 34, pp. 1-2)("This court will take this motion under submission on July 19, 2010.  Once the motion is taken under submission no further briefs, (Continued)

However, even if the plaintiffs had sued the proper defendant, the plaintiffs have failed to meet their burden as the non-movant party on summary judgment. Under § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State… to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens…" 42 U.S.C. § 1981(a). Claims of race discrimination under § 1981 are analyzed in the same manner as claims brought under Title VII. Rice-Lamar v. City of Fort Lauderdale, 232 F.3d 836, 843 n. 11 (11th Cir. 2000) cert den. 534 U.S. 815, 122 S.Ct. 42, 151 L.Ed.2d 14 (2001)(citation omitted); Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

A plaintiff may prove discrimination under both Title VII and § 1981 by relying on either direct, circumstantial, or statistical evidence. Direct evidence is that which, "if believed, proves the existence of discriminatory motive 'without inference or presumption.'" Hamilton v. Montgomery County Bd. of Education, 122 F.Supp.2d 1273, 1279 (M.D.Ala. 2000)(quoting Carter v. Three Springs Residential Treatment, 132 F.3d 635, 641 (11th Cir. 1998)). On the other hand, circumstantial evidence is analyzed through the application of the McDonnell Douglas/Burdine[4] framework which was established by the Supreme Court for evaluating a plaintiff's claim of discrimination against an employer where there is no direct evidence of discrimination. See Combs v. Plantation Patterns, 106 F.3d 1519, 1527-1528 (11th Cir. 1997). Under this framework, the plaintiff must first make out a prima facie case of discrimination.

---

pleadings or submissions relating to the issues raised on summary judgment may be filed unless the proponent obtains leave of court for good cause shown.").

[4] See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973) and Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981).

9

Burdine, 450 U.S. at 252-253, 101 S.Ct. 1089; Walker v. Mortham, 158 F.3d 1177, 1183 (11th Cir. 1998); Combs, 106 F.3d at 1526-1528. In order to make out a prima facie case of discrimination, a plaintiff must show:

> (1) he is a member of a protected class; (2) he suffered an adverse job action; (3) [his] employer treated similarly situated employees outside his classification more favorably; and (4) he was qualified to do the job.
>
> Barnes v. Crowne Investments, Inc., 391 F.Supp.2d 1108, 1115 (S.D.Ala. 2005)(citations omitted).

In their response, the plaintiffs, without evidentiary substantiation, state that they believe that the defendant violated 42 U.S.C. § 1981. (See Doc. 37 & 47). In the absence of any admissible evidence, the plaintiffs have not met their burden as the non-movant party on summary judgment. See Fed.R.Civ.P. 56(e)(2)("**Opposing Party's Obligation to Respond**. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." ; see also Fed.R.Civ.P. 56(c)(1)(A)-(B)(explaining burden of nonmovant to include "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogator answers, or other materials; or showing "deficiencies in movant's summary judgment materials)("[E]ffective December 1, 2010, absent contrary Congressional Action.").

This court recognizes the plaintiffs' pro se status and the fact that the allegation of a pro se complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972). However, the plaintiffs' pro se status does not excuse them from

compliance with applicable procedural rules, including the Rule 56 requirement for non-moving parties. See Local Rule 83.9(b)("All litigants proceeding pro se shall be bound by and comply with all local rules of this Court, and the Federal Rules of Civil and Criminal Procedure, unless otherwise excused from operation of the rules by court order."); Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)(a pro se litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). Additionally, the leniency afforded pro se litigants does not give the courts a license to serve as de facto counsel for such litigants. See GJR Investments, Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

## CONCLUSION

After due consideration of all matters presented and for the reasons set forth herein, it is **ORDERED** that the defendant's motions for summary judgment (Docs. 32 & 39) are **GRANTED**. The defendant's motion to strike (Doc. 57) and motion to reschedule the pre-trial conference (Doc. 58) are therefore **MOOT**.

**DONE and ORDERED** this 25th day of October, 2010.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE